IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>JEFFREY A. HASSENFLUG,<br><br>    Defendant. | Case No. 16-00367-01-CR-W-GAF |

## GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW, the United States of America, by and through Timothy A. Garrison, United States Attorney and David Luna, Assistant United States Attorney, and respectfully offers this memorandum to the court in support of its recommendation that defendant Jeffrey A. Hassenflug be sentenced to a below Guidelines sentence of between 90 to 108 months incarceration, to be followed by a 10-year term of supervised release.

## BACKGROUND

On April 24, 2018, the defendant pled guilty to Count 1 (Distribution of Child Pornography) of a 3-count Indictment pursuant to a written plea agreement. In the subsequent court-ordered Presentence Investigation Report (PSR),[1] Hassenflug's final Guideline calculation resulted in an offense level of 34, a criminal history category of I, and a suggested Guideline imprisonment range of 151 to 188 months. (PSR ¶ 75.) The defendant had no objections to the PSR's description of the offense conduct (PSR ¶¶ 4 through 19) or to the Guideline's calculation.

---

[1] "PSR" will refer to paragraphs of the final Presentence Investigation Report (Doc. 21) which were not objected to by the defendant, unless otherwise noted.

**SENTENCING ARGUMENT**

*The nature and circumstances of the offenses and the need for a lengthy sentence to reflect their seriousness (§ 3553(a)(1) and (2)(A))*
*and*
*The need to afford adequate deterrence to criminal conduct (§ 3553(a)(2)(B))*

The plea agreement and PSR recount in detail the defendant's conduct that resulted in his ultimate plea of guilty to Distribution of Child Pornography. It is anticipated that the defendant will request a sentence below the recommended Guidelines. While the Government acknowledges that it is possible for the purposes of 18 U.S.C § 3553(a) (Imposition of a Sentence) and the interests of justice to be served by a sentence below the recommended Guidelines, the Government asserts in this case that does not include a period of incarceration lower than that proposed by the Government.

As reflected in both the plea agreement and PSR, especially troublesome and warranting a significant sentence is the number and nature of the images the defendant possessed and distributed. Hassenflug's collection included 3,047 still images and 131 video files (some as long as 48 minutes in length), which he maintained in folders titled to indicate their disturbing contents. Examples include a folder named "Toddlers, babies, little girls, pthc pics" which contained image files depicting babies and toddlers being raped and sodomized, while other images were located in folders such as one named "pthc preteen sex incest (real thing)." Hassenflug's collection contained the most graphic of images, including a video file named "pthc pedo rare deepthroat 5yo wow no gaging.mpg", which depicted a nude prepubescent girl performing oral sex on an adult male penis."

The nature of the images to which Hassenflug is drawn demonstrates the depth of defendant's sexual attraction to children and his affinity for disturbing and particularly graphic images of young children being sexually victimized, at times by the men who created the images.

2

These memorializations of the molestation of young children and the sexually graphic nature of the acts that take place in the events the images depict not only reveal the defendant's criminal sexual desire for children, but also reflect a marked depravity given the horrific scenes of the sexual exploitation of prepubescent children.

In determining an appropriate sentence, the court must consider not only the nature of the child pornography the defendant possessed but also that Hassenflug was a distributor of those disturbing images who actively shared them with other child pornographers utilizing a file-sharing network. The Supreme Court has noted the following about the seriousness of child pornography offenses and the additional harm wrought upon victims by the dissemination of their images over the Internet:

> Three decades ago, this Court observed that "the exploitive use of children in the production of pornography has become a serious national problem." *New York v. Ferber*, 458 U.S. 747, 749, 102 S.Ct. 3348, 73 L.Ed.2d 113 (1982). The demand for child pornography harms children in part because it drives production, which involves child abuse. The harms caused by child pornography, however, are still more extensive because child pornography is "a permanent record" of the depicted child's abuse, and "the harm to the child is exacerbated by [its] circulation." *Id.* at 759, 102 S.Ct. 3348. Because child pornography is now traded with ease on the Internet, "the number of still images and videos memorializing the sexual assault and other sexual exploitation of children, many very young in age, has grown exponentially." United States Sentencing Comm'n, P. Saris et al., Federal Child Pornography Offenses 3 (2012) . . .

*Paroline v. United States*, 134 S.Ct. 1710, 1716-17 (2014).

As the Supreme Court has recognized for decades, offenses such as Hassenflug's are serious. Just punishment should also be serious.

It is anticipated that the defendant will propose several mitigating factors in support of his request for a below Guidelines sentence including the number of child pornographic images in the defendant's possession in comparison to other cases to come before the court, Hassenflug's lack

3

of criminal history, his productive employment history and level of education, as well as the defendant's diagnosis with depression and struggle with alcohol abuse pre-dating his instant offense. The Government has considered each of these factors, to the extent they are relevant, in requesting an appropriate sentence that is already between 43 and 61 months below the low end of the recommended Guidelines range. Given the nature of the defendant's conduct and the particularly exploitative nature of the images of child pornography in his collection, however, further consideration of the defendant's suggested mitigating factors as the basis for any sentence less than that requested by the government is not warranted in this case and a more lenient sentence should not be granted. The Government's recommended sentence of between 90 and 108 months, to be followed by a 10-year term of supervised release, is sufficient but not greater than necessary to serve the purposes of sentencing pursuant to § 3553(2). Such a sentence will specifically deter this defendant and, to the extent that other child pornographers similarly situated as defendant pay attention to sentences in the criminal justice system, the imposition of such a sentence for the instant offense should act as a general deterrent to similar behavior.

## CONCLUSION

The defendant shared and possessed numerous disturbing images of child pornography including still and moving images of young children being molested. Hassenflug deserves a sentence of between 90 and 108 months incarceration followed by a 10-year term of supervised release for his conduct.

        Respectfully submitted,

        Timothy A. Garrison
        United States Attorney

By    */s/ David Luna*

        David Luna
        Assistant United States Attorney

        Charles Evans Whittaker Courthouse
        400 E. 9th Street, 5th Floor
        Kansas City, Missouri 64106
        Telephone: (816) 426-3122

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing was delivered on August 28, 2018, to the CM-ECF system of the United States District Court for the Western District of Missouri for electronic delivery to all counsel of record.

        */s/ David Luna*
        David Luna
        Assistant United States Attorney