# UNITED STATES DISTRICT COURT
### WESTERN DISTRICT OF MISSOURI
### WESTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | **JUDGMENT IN A CRIMINAL CASE** |
| § | |
| v. § | |
| § | Case Number: **4:16-CR-00367-GAF(1)** |
| **JEFFREY A HASSENFLUG** § | USM Number: **32050-045** |
| § | **James R. Hobbs** |
| § | Defendant's Attorney |

The defendant:

☒ pleaded guilty to count(s) 1 of indictment on 4/25/18

The defendant is adjudicated guilty of these offenses:

| **Title & Section / Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|
| Distribution of Child Pornography Over the Internet<br>18 U.S.C. § 2252(a)(2) | 06/02/2016 | 1 |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☒ Count(s) 2, 3 ☐ is ☒ are dismissed on the motion of the United States

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

**October 9, 2018**
Date of Imposition of Judgment

**/s/ Gary A. Fenner**
Signature of Judge

**GARY A. FENNER**
**UNITED STATES DISTRICT JUDGE**
Name and Title of Judge

**October 9, 2018**
Date

DEFENDANT: JEFFREY A HASSENFLUG
CASE NUMBER: 4:16-CR-00367-GAF(1)

# IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of:

**90 months as to count 1.**

☒ The court makes the following recommendations to the Federal Bureau of Prisons:
   That the defendant be designated to Texarkana FCI.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

   ☐ at  ☐ a.m.  ☐ p.m.  on

   ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Federal Bureau of Prisons:

   ☐ before 2 p.m. on
   ☐ as notified by the United States Marshal.
   ☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to

at _____, with a certified copy of this judgment.

_____
U.S. MARSHAL

_____
DEPUTY U.S. MARSHAL

DEFENDANT: JEFFREY A HASSENFLUG
CASE NUMBER: 4:16-CR-00367-GAF(1)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **one hundred twenty (120) months.**

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess a controlled substance.
3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.
   - ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. (*check if applicable*)
4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. (*check if applicable*)
5. ☒ You must comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. (*check if applicable*)
6. ☐ You must participate in an approved program for domestic violence. (*check if applicable*)

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job

DEFENDANT: JEFFREY A HASSENFLUG
CASE NUMBER: 4:16-CR-00367-GAF(1)

responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall apply all monies received from income tax refunds, tax refunds, lottery/gambling winnings, judgments, and/or other anticipated or unexpected financial gains to the outstanding Court-ordered financial obligation. The defendant shall immediately notify the probation officer of the receipt of any indicated monies.

2. The defendant shall provide the Probation Office with access to any requested financial information.

3. The defendant shall not incur new credit charges or open additional lines of credit without the approval of the Probation Office, while court-ordered financial obligations are outstanding.

4. The defendant shall successfully participate in any mental health counseling program as approved by the Probation Office, and pay any associated costs, as directed by the Probation Office.

5. The defendant shall not consume or possess alcoholic beverages or beer, including 3.2 percent beer, at any time, and shall not be present in any establishment where alcoholic beverages are the primary items for sale.

6. The defendant shall submit his person and any property, house, residence, office, vehicle, papers, computer, other electronic communication or data storage devices or media and effects to a search, conducted by a U.S. Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release; failure to submit to a search may be grounds for revocation; the defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

7. The defendant shall comply with the Western District of Missouri Offender Employment Guideline which may include participation in training, counseling, and/or daily job searching as directed by the probation officer. If not in compliance with the condition of supervision requiring full-time employment at a lawful occupation, the defendant may be required to perform up to 20 hours of community service per week until employed, as approved or directed by the probation officer.

DEFENDANT:          JEFFREY A HASSENFLUG
CASE NUMBER:        4:16-CR-00367-GAF(1)

8. The defendant will not have contact with the victim/s in this case, to include any physical, visual, written, telephonic or electronic contact with such person/s. Additionally, the defendant shall not directly or indirectly cause or encourage anyone else to have such contact with such person/s.

9. The defendant will not associate or have any contact with persons under the age of 18, except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense and who has been approved by the Probation Office.

10. The defendant is barred from places where minors (under the age of 18) congregate; such as residences, parks, schools, daycare centers, playgrounds and schools, unless prior written consent is granted by the Probation Office.

11. The defendant's place of residence may not be within 1000 feet of schools, parks, playgrounds, public pools, or other locations frequented by children.

12. The defendant will neither possess nor have under his control any matter that is pornographic/erotic; or that describes sexually explicit conduct, violence toward children or child pornography [as described in 18 U.S.C. 2256(2) and (8)], including photographs, images, books, writings, drawings, videos, and electronic material.

13. The defendant shall successfully participate in a program of sex offender counseling, as directed by the Probation Office. The defendant shall also pay any associated costs as directed by the Probation Office.

14. The defendant shall successfully participate in a program of polygraph testing to assist in treatment and/or monitoring, as directed by the Probation Office. The defendant shall also pay any associated costs as directed by the Probation Office.

15. The defendant shall comply with all state and federal sex offender registration requirements.
16. The defendant shall not possess or use any computer or electronic device with access to any 'on-line computer service' without the prior approval of the Probation Office. This includes any public or private computer network.

17. The defendant shall consent to having installed any hardware or software systems on his computer(s), to monitor computer use. The defendant shall pay any associated costs as directed by the Probation Office.

18. The defendant shall not maintain or create a user account on any social networking site (i.e. Myspace, Facebook, Adultfriendfinder, etc.) that allows access to persons under the age of 18, or allows for the exchange of sexually explicit material, chat conversations, or instant messaging. The defendant shall not view and/or access any web profile users under the age of 18.

19. The defendant shall consent to third-party disclosure to any employer, or potential employer, concerning the history, characteristics, criminal background or any computer-related restrictions that have been imposed.

## U.S. Probation Office Use Only

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.

Defendant's Signature _____          Date _____

DEFENDANT: JEFFREY A HASSENFLUG
CASE NUMBER: 4:16-CR-00367-GAF(1)

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments.

|        | Assessment | JVTA Assessment* | Fine  | Restitution |
|--------|-----------:|------------------|------:|------------:|
| TOTALS | $100.00    |                  | $.00  | $15,000.00  |

☐ The determination of restitution is deferred until after such determination. An *Amended Judgment in a Criminal Case (AO245C)* will be entered

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

Restitution in the amount of $15,000.00 A lump sum payment of the full amount is ordered due immediately. If unable to pay the full amount immediately, while incarcerated, the defendant shall make quarterly payments of $25 or at least 10 percent of earnings, whichever is greater, and while on supervised release, monthly payments of $100 or 10 percent of gross income, whichever is greater, to commence 30 days after release from incarceration. **(Defendant provided receipt to Court reflecting that this amount has been paid in full.)**

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22
** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Since the Court finds that the defendant does not have the ability to pay interest, any interest is waived.

Since the Court finds that the defendant does not have the ability to pay a fine, the fine is waived.

Notwithstanding any other provision of this order, the Government may enforce restitution at any time.

Pursuant to 18 U.S.C. 3612(g), the defendant may be subject to delinquent and default penalties.

The defendant is hereby ordered to begin payment immediately and continue to make payments to the best of his ability until this obligation is satisfied.

All payments shall be made through: Clerk of the Court, United States District Court, 400 East 9th Street, Room 1150, Kansas City, MO 64106.

While restitution is still owed, the defendant shall notify, within 30 days, the U.S. Attorney (United States Attorney's Office, Financial Litigation Unit, 400 East 9th Street, Room 5510, Kansas City, MO 64106) of any change of residence and the Court and U.S. Attorney when there is a material change in his economic circumstances.

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: JEFFREY A HASSENFLUG
CASE NUMBER: 4:16-CR-00367-GAF(1)

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

- ☒ Total assessment of $100.00 due immediately. It is ordered that the Defendant shall pay to the United States a special assessment of $100.00 for Count 1 which shall be due immediately. Said special assessment shall be paid to the Clerk, U.S. District Court.

- ☒ Restitution of $15,000.00 due immediately. If unable to pay the full amount of restitution immediately, the Defendant shall make monthly payments of $100 or 10% of gross income, whichever is greater.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA Assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

- ☐ Joint and Several
  See above for Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.